MARSHALL FREEHART v. SAMUEL STANFORD'S EST.

May Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and
HASELTON, JJ.

Opinion filed August 31, 1904.

*Promissory Notes—Items of Book Account—Course of
Business—Evidence—Decedent's Books.*

In assumpsit against a decedent's estate, whether the books of the
decedent, which show promissory notes charged therein by him
against the claimant, are admissible in favor of the estate, in
respect of those charges, depends upon the character of the page
where the items are charged, and the course of business between
the parties.

In assumpsit against a decedent's estate, and trial by court, no error
appears in the ruling of the court excluding a page of decedent's
book, in respect of two items of promissory notes by him charged
thereon against the claimant, when there is nothing on the face of
the page offered showing that its exclusion was error, and all that
the combined exceptions and finding of facts state, about the matter
is: "There was no evidence tending to show that said two items
should be allowed."

In assumpsit against a decedent's estate, it is not error to exclude cer-
tain pages of the decedent's book offered by the estate for the
purpose of showing that it had been the agreed course of business
between the claimant and the decedent for the latter to charge
promissory notes on book against the former, the entries which
relate to notes being few and remote in date from the items in
dispute, and there being no extrinsic evidence in explanation.

APPEAL from the decision of commissioners on the
claim presented by Marshall Freehart against the estate of
Samuel Stanford, and the claim of D. A. Stanford, the ad-
ministrator, in offset thereto. Declaration in general assump-
sit. Plea, the general issue, and declaration in offset. Trial
by Court at the September Term, 1903, Orleans County,

*Stafford, J.,* presiding. Judgment for the claimant. The estate excepted.

On page 180 of decedent's book there are, besides the disputed items, eight charges against the claimant for a cow, hay, goods and labor. The first charge is dated August 1894, and the last, May 1900. The disputed items are charged in this account as follows:

> Sept. 19, 1894, note given up....$ 9.60
> Oct. 15, 1895, Watson note....... 68.53

On page 28 of said book is an account headed "Marshall Freehart." The debit side begins with a charge of $30.77, under date of July 8, 1901, "from page 29." Then follow eleven charges for goods, ending with a charge dated July 30, 1893.

The credit side begins, without date "From page 29, $32.00," then follow five items of credit for labor, and the account is balanced with the entry, without date, "By note to balance $10.78." And below is written "Settled this book March 7, '93.

SAMUEL STANFORD,
MARSHALL FREEHART."

On the same page, and immediately below the above, is the following:

"Aug. '93, to leather yoke ........ .... $ 1.00
Jan. 19, '94, to straps.. 1.25
Dec. 3, '93, to one whip .50
———
$ 2.75
To paid on note to balance this book ....... 9.27
———
$12.02
Settled

Jan. 6, '94, by balance on Watson note as per agreement .... ..... $ 6.48
Mar. 12, '94, by bill lumber ....... ...... 5.54
———
$12.02
Settled Mar. 29, '94."

On page 29 is an account also headed "Marshall Freehart." It begins with a charge under date of July 8, 1895, then follow twelve charges for goods, and the last charge is,

"April 19, '87, to balance on claims
given up ..,. .t. .t. .t. .t. .t. .t. .t.$23.85."

The credit side has three items, one for a horse, one for interest, and the last is, "Nov. 17, '86, by note of F. G. Clough $100," which balances the account. Below all is written, "Settled April 19, '87.

M. FREEHART,
SAMUEL STANFORD."

Below the above, on the same page, the account continues, with fifteen debit items for goods and cash, the last dated Sept. 13, 1887; and seven credit items, all dated and all for labor or goods, except the item, "By note and claim $28.26," which has no date, and is the second credit item, the first being dated April 28, 1887, the third Sept. 21, 1887, and the last Aug. 13, 1888.

*Cook & Williams* for the estate.

Pages 28 and 29 of decedent's book should have been admitted as tending to show the course of dealing between the parties. *Scott* v. *Lance,* 21 Vt. 507; *Case* v. *Berry,* 3 Vt. 332; *Hall* v. *Eaton,* 12 Vt. 510; *Gleason* v. *Briggs,* 28 Vt. 136; *Mattocks* v. *Lyman,* 18 Vt. 98.

*J. W. Redmond* for the claimant.

The items in dispute are not proper matter for charge on book account, except by agreement. *Stevens* v. *Damon,* 29 Vt. 521; *Gleason* v. *Briggs,* 28 Vt. 135; *Hall* v. *Eaton,* 12

Vt. 510; *Fassett* v. *Vincent*, 8 Vt. 73; *Farrand* v. *Gage*, 3 Vt. 326; *Scott* v. *Bailey*, 73 Vt. 49.

HASELTON, J.  This was a probate appeal.  In county court, Freehart, who was claimant, declared in assumpsit. A plea in offset was filed in behalf of the defendant estate. Trial was had by the court and a finding of facts was filed. The court disallowed two items claimed by the estate.  The items were as follows:

"To note given up . . . . . . ,. .,. .,. .. . . . .$ 9.60

To Watson note . .,. ... .,. . . . . .,. . . ., 68.53"

The finding of facts and the statement of exceptions are embraced in one instrument, and all that is said therein about these items is the following:  "There was no evidence tending to show that said two items should be allowed.  They were charged on the book of the testate, page 180 of exhibit 1, but we hold that they were not properly items of book charge and so exclude the book as to those items to which the estate excepted."  The character of the book, page 180 referred to, and the course of business between the parties may, or may not have been such as to make one or both of these items admissible.  *Post* v. *Kenerson*, 72 Vt. 341, 47 Atl. 1072, is an instructive case.  However, there is nothing in the recitals in the "finding of facts," or on the face of the page itself, warranting the conclusions that would have to be drawn to sustain the exception and put the court in error, and error is not to be presumed.

It is, in substance, stated in the "finding of facts" that the estate offered pages 28 and 29 of the book containing said page 180, for the purpose of showing a course of dealing as to charging and crediting notes on book, and as tending to show that the charges in dispute were made under an implied agreement, and so were properly made.  With regard

to these pages it is stated that they were in the handwriting of the decedent. These pages were excluded and to their exclusion the defendant excepted. On these pages there are entries of settlements which purport to be signed by both the decedent and Freehart. The statement that these pages were in the handwriting of the decedent, taken literally, means that the decedent signed Freehart's name. But assuming that the court did not mean this, and that Freehart's name was signed by himself, and that so he had looked over these pages of the decedent's book from time to time, still the entries which relate in some way to notes are so few and so remote in date from the dates of the items in question, and, standing as they do without extrinsic explanation, are so far uncertain in their signification, that we cannot say that these pages 28 and 29 should have been received.

*Judgment affirmed.*